PER CURIAM.
The appellant, Freddie Bernard Lawrence, Jr., was indicted for first degree murder. He made a formal confession without benefit of counsel. Thereafter, with counsel of his own choice, he entered a plea of guilty as charged. On October 13,1960, the trial court sentenced him to life imprisonment.
On February 5, 1965, Lawrence filed a motion for relief pursuant to Criminal Procedure Rule I, F.S.A. Ch. 924 Appendix. In substance, the ground alleged is that he was “tricked and psychologically forced into pleading guilty.” He alleges that he was tricked by the State when it used perjured testimony at his preliminary hearing, and that he was advised by his counsel to enter a plea of guilty.
On April 9, 1965, and April 30, 1965, the trial court conducted evidentiary hearings on the allegations of the Rule I motion. The trial court denied the motion, and this appeal is from that order. Appellant’s position on this appeal (where he is represented by the Public Defender) is that he must be granted a new trial because at the hearing he testified that he had been tricked by perjured testimony at the preliminary hearing, and that the State failed to refute his charge. The trial court called, as witnesses, the arresting officers and those persons having knowledge of the confession and the plea of the defendant.
A review of the complete transcript of the hearings on the motion demonstrates that the appellant completely failed to establish any of the allegations of his motion. The defendant did not testify that he had been tricked into his plea by perjured testimony, but rather that his and his counsel’s anticipation that certain co-defendants would plead guilty influenced his decision. This factor was revealed to be one of several considerations upon which defendant *48 and his privately employed counsel determined to enter the guilty plea.
The trial court, after patiently pursuing the charges and giving to the movant the fullest opportunity to demonstrate a violation of a constitutional right, correctly denied the motion when the evidence demonstrated that the movant confessed to the crime and pleaded guilty, freely and voluntarily, as a tactical decision in his defense of the charge brought against him.
Affirmed.